IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GARRETT JAMES WALKOS,

        Defendant.

Case No. 24-CR-180-JFH

**OPINION AND ORDER**

Before the Court are the Government's Opposed Motions in Limine. Dkt. No. 35. Defendant's deadline for response to the Government's Motions has passed, and these matters are ripe for consideration accordingly.

**INTRODUCTION**

An Indictment was returned against Defendant on November 14, 2024, charging Defendant with three counts of Aggravated Sexual Abuse of a Minor in Indian Country and one count of Destruction and Removal of Property to Prevent Search and Seizure. Dkt. No. 2. This matter is set for trial on the Court's June 30, 2025 trial docket.

The Government has filed Motions in Limine seeking admission of demonstrative aids consisting of anatomical drawings [Dkt. No. 35 at 1-3] and admission of the alleged victim's forensic interview statements [Dkt. No. 35 at 3-4]; lastly, the Government moves to exclude any evidence regarding child custody determinations [Dkt. No. 35 at 4-5].

The Court finds that it would be inappropriate to grant the Government's first and second motions at this time, as both Motions are contingent upon the introduction of certain evidence or testimony at trial. The Court will also deny the Government's third motion in limine at this time.

## ANALYSIS

I. **Applicable standards of law.**

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

II. **The Court will defer ruling on the admissibility of the Government's proposed demonstrative aids until such time as it appears that the aids may be necessary.**

The Government moves in limine for admission of demonstrative aids consisting of anatomical drawings of an unclothed female child and an unclothed male child. Dkt. No. 35-1. The Government postulates that these demonstrative exhibits may be necessary in direct examination of the six-year-old alleged victim in this matter because the alleged victim has in the past used non-standard terms when referring to genitalia. Dkt. No. 35 at 1-2.

The Court could foresee a need for the proposed demonstrative exhibits, but, at this time, it is unclear if there will be confusion or uncertainty arising from the alleged victim's testimony that would justify use of the demonstrative exhibits. As the Government's motion itself points out, anatomical details can be important in cases of this nature. Nonetheless, ultimate ruling on

the Government's Motion in Limine will be deferred until time of trial, and the Government may re-raise this matter at that time.

### III. The Court will deny admission of the alleged victim's forensic interview as unripe at this time, but the matter may be re-raised at time of trial with proper foundation.

The Government next asks that this Court permit admission the alleged victim's forensic interview as a prior consistent statement under Fed. R. Evid. 801(d)(1)(B) if the Defendant seeks to "attack Victim's credibility, consistency, and/or motive" for testifying. Dkt. No. 35 at 3. The Government cites to *United States v. Bruce*, 127 F.4th 246 (10th Cir. 2025) as authority for the admissibility of the forensic interview. In the Court's view, this matter is simply not yet ripe for consideration.

The Government seeks admission of the forensic interview under Fed. R. Evid. 801(d)(1)(B), which provides that a statement is not inadmissible hearsay when:

> The declarant testifies and is subject to cross-examination about a prior statement, and the statement: …
> (B) is consistent with the declarant's testimony and is offered:
> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground;

The Government cannot properly lay a foundation for admission of the forensic interview at this time. The Court cannot determine whether Defendant will attack the alleged victim's credibility in such a manner that the provisions of Rule 801(d) will be invoked, and, further, the Court cannot determine that the statements in the forensic interview are consistent with the alleged victim's trial testimony without first hearing that trial testimony.

The alleged victim's forensic interview may be admissible, but the Government has not (and cannot at this time) lay a proper foundation for admission of the interview as a prior consistent

statement. The Court will accordingly deny the Government's second Motion in Limine as unripe; the Government may re-raise this matter at trial with proper foundation for admission.

### IV.    The Government's third Motion in Limine is denied.

Lastly, the Government moves to exclude from trial evidence regarding: "(i) formal custody determinations; (ii) court rulings or orders in a child custody case; (iii) determinations about allowing or disallowing supervised visitation of Victim; and (iv) determination about the parental rights to Victim." Dkt. No. 35 at 5. The Government argues that such evidence would not be relevant to any material fact and could mislead or confuse the jury. *Id*. at 4.

The Court has not been provided any information regarding the child custody determinations that the Government seeks to exclude or the circumstances surrounding those determinations. The Court will not grant the Government's Motion without a sufficient description of the evidence at issue. Such decisions cannot be made in a vacuum. While the Court is unaware of the relevance such information could hold in this case, it would be irresponsible to hold that such evidence could *never* be relevant or admissible without understanding in some detail what evidence is actually at stake.

Nevertheless, the Court understands why such evidence could prove to be problematic or confusing to a jury. Before any evidence or testimony pertaining to child custody determinations is admitted into evidence, counsel are instructed to notify the Court and to specifically seek admission of such evidence outside of the presence of the jury. Further, the Government may re-raise this issue prior to trial or at trial if it so wishes, so long as the Government provides an adequate description of the evidence at issue.

Dated this 4th day of March 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE